UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA (ATLANTA)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) |
| v. | ) No. 1:20-mi-00021-LMM-LTW |
| MOORE, INGRAM, JOHNSON & STEELE, LLP, | ) |
| Respondent. | ) |

**RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES TO PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMMONS**

Respondent, by and through its undersigned counsel, in response to the petition filed in the above-entitled case, hereby files its Answer and Affirmative Defenses to Petition To Enforce Internal Revenue Service Summons ("Petitioner's Complaint"), showing the Court as follows:

**FIRST DEFENSE**

Petitioner's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Petitioner's claims fail as Respondent has complied with the summons by producing all non-privileged and non-confidential documentation sufficient

for Petitioner to make a determination as to its stated purpose.

## THIRD DEFENSE

The bulk of the documentation withheld is in the Petitioner's possession and the substantial burden on Respondent in producing the duplicative documentation far outweighs any utility Petitioner might gain from the duplicative documentation.

## FOURTH DEFENSE

Enforcement of the summons would result in abuse of the Court's process as the summons was not issued for a legitimate purpose.

## FIFTH DEFENSE

Enforcement of the summons would result in abuse of the Court's process as the summons is overly broad and unduly burdensome and the documentation withheld is cumulative and unnecessary for Petitioner to make a determination pursuant to its stated purpose in issuing the summons.

## SIXTH DEFENSE

Further enforcement should not be compelled as production would violate Respondent's attorney-client privilege and confidentiality obligations to its clients.

# ANSWER

1.

Admits.

2.

Admits.

3.

For want of sufficient information, Respondent can neither admit nor deny the allegations contained in Paragraph 3 of the Petition and therefore same stand denied.

4.

Admits Petitioner is conducting an unwarranted investigation allegedly pursuant to 26 U.S.C. §§ 6694, 6695, 6700 and 6701. The remaining allegations in Paragraph 4 of Petitioner's Complaint are denied.

5.

Denies that any additional documentation in Respondent's possession is relevant to the investigation; but rather, that any additional documentation is cumulative and unnecessary. Additionally, further production would violate Respondent's confidentiality obligations to its clients, production would violate the attorney-client privilege between Respondent and its clients, and Petitioner is already in possession of

sufficient documentation to make a determination as to Respondent under the cited penalty provisions of the Code. The remaining allegations in Paragraph 5 of Petitioner's Complaint are denied.

6.

Admits.

7.

Admits.

8.

Denied. Respondent has complied with the summons to the extent the requests are not overly broad and unduly burdensome, production would not violate Respondent's confidentiality obligations to its clients, production would not violate the attorney-client privilege between Respondent and its clients, and Petitioner does not already possess sufficient documentation necessary to make a determination as to Respondent under the cited penalty provisions of the Code.

Respondent denies further, that Respondent failed to produce a privilege log, or otherwise identify documents that it contends cannot be produced due to attorney-client privilege. Rather, Respondent produced all non-privileged correspondence as well as a privilege log identifying correspondence withheld pursuant to the attorney-client privilege in each of

the twenty three separate Respondent-advised taxpayer files produced. Respondent further asserted a categorical attorney-client privilege, describing the substance of the communications being withheld, in response to each and every applicable request.

9.

Admits Petitioner sent a letter to Respondent on September 13, 2019. However, denies that Respondent failed to comply with the summons.

10.

Admits that Respondent submitted the letter dated September 26, 2019. However, alleges the September 26, 2019 letter states Respondent complied with the summons to the extent the requests are not overly broad and unduly burdensome, production would not violate the attorney-client privilege between Respondent and its clients, and production would not violate Respondent's confidentiality obligations to its clients, and.

Denies further that Respondent failed to produce a privilege log, or otherwise identify documents that it contends cannot be produced due to confidentiality or attorney-client privilege. Rather, Respondent produced all responsive documentation, including non-privileged correspondence as well as privilege logs identifying correspondence withheld pursuant to the attorney-client privilege, in each of the twenty three separate Respondent-

advised taxpayer files produced. Respondent further asserted categorical confidentiality and attorney-client privilege constraints, describing the substance of the documentation and communications withheld on that basis, in response to each and every applicable request.

11.

Denied.

12.

Denied. The Internal Revenue Service is already in possession of all books, papers, records, or other data requested pursuant to a legitimate investigative purpose to the extent the requests are not overly broad and unduly burdensome, production would not violate Respondent's confidentiality obligations to its clients, production would not violate the attorney-client privilege between Respondent and its clients, and Petitioner does not already possess sufficient documentation necessary to make a determination as to Respondent under the cited penalty provisions of the Code.

13.

For want of sufficient information, Respondent can neither admit nor deny the allegations contained in Paragraph 13 of the Petition and therefore same stand denied.

14.

Denied.

15.

Admits.

16.

Respondent admits Petitioner has correctly set forth its applicable burden.

17.

Denied.

18.

Respondent denies all arguments in the Petition not expressly admitted herein.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully responded to the Petition, Respondent prays:

1. That the Court deny the relief sought in the Petition;
2. That the Court find that the summons was issued for an improper purpose;
3. That the Court find that the summons is overly broad;

4. That Petitioner be found liable for attorney fees and litigation expenses incurred by Respondent in refuting the Petition; and

5. That the Court grant such other and further relief as is just and proper.

Respectfully submitted
June 3, 2020

        MOORE INGRAM JOHNSON & STEELE, LLP

        *s/Jeffrey A. Daxe*
        Jeffrey A. Daxe
        State Bar No.: 213701
        jad@mijs.com
        Attorney for Respondent

        *s/Kenneth D. Hall*
        Kenneth D. Hall
        State Bar No.: 110140
        kdhall@mijs.com
        Attorney for Respondent

326 Roswell Street, Suite 100
Marietta, GA 30060
(770) 429-1499

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES upon the following by electronically filing same with the Court via CM/ECF, providing notice to the counsel of records as follows:

        Daniel A. Applegate
        Byung J. Pak

Respectfully submitted
June 3, 2020

        MOORE INGRAM JOHNSON & STEELE, LLP

        *s/Jeffrey A. Daxe*
        Jeffrey A. Daxe
        jad@mijs.com
        Attorney for Respondent

326 Roswell Street, Suite 100
Marietta, GA 30060
(770) 429-1499